UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                    22-cr-410 (PKC)

      -against-                                  ORDER

FRANK OKUNAK,

                    Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Frank Okunak, who is represented by counsel, moves for a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines which went into effect on November 1, 2023 and applies retroactively. (ECF 41.) He seeks a one-month reduction of his term of imprisonment, from 52 months to 51 months, and advises that the government does not oppose his motion.

        On December 6, 2022, the Court sentenced Okunak to a below-Guidelines sentence of 52 months' imprisonment for one count of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 and one count of falsification of books and records of a public corporation in violation of 15 U.S.C. §§ 778m(b)(2), 78ff and 78m(b)(5) . (See Minute Entry; ECF 14.) The sentencing range under the advisory Guidelines was 63 to 78 months. (See PSR at 4 (ECF 10); Sentencing Tr. 3 (ECF 15).) At the sentencing hearing, the Court noted that Okunak pleaded guilty to embezzling and stealing $16,043,603.71 from his employer over a nine-year period even though his compensation exceeded $1 million a year. (Sentencing Tr. 21-22.) The Court

also observed that Okunak fell within Criminal History Category I, was unlikely to reoffend, had strong family relationships, did not use the embezzled funds to support a lavish lifestyle, and promptly acknowledged his wrongdoing. (Id. 22-25.) In its statement of reasons, the Court emphasized the need for just punishment, general deterrence and respect for the law. (Id. 23-24.)

At the sentencing hearing, the government noted that it spent several hours communicating with Okunak and believed that he endeavored to be honest in providing information that inculpated himself. (Id. 19.) It stated that Okunak's actions saved government resources. (Id.)

The Department of Probation issued a supplemental PSR dated December 8, 2023. (ECF 22.) It concluded that Okunak is eligible for a sentence reduction as a zero-point offender, and that pursuant to Amendment 821, his total offense level is recalculated from 26 to 24, with an amended Guidelines range of 51 to 63 months, as opposed to the range at sentencing, which was 63 to 78 months. (Id. at 3.)

Even where a defendant is eligible for a sentencing reduction, a court has the discretion not to reduce the sentence if it is not warranted under the sentencing factors laid out in 18 U.S.C. § 3553(a). See § 1B1.10 Application Note 1(B)(i). The Court may also "consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b)." Id. at Application Note 1(B)(iii). Under the Policy Statement found at Guidelines § 1B1.10(b)(2), if the Court determines that a reduction in sentence is warranted, the reduction in a case such as this may not be "less than the minimum of the amended guideline range. . . ."

In this instance, the bottom of defendant's amended Guideline range is 51 months' imprisonment. As noted, defendant originally received a below-Guidelines sentence of 52 months. His projected release date is June 26, 2026.

In support of the application, Okunak notes that he has had no disciplinary infractions while incarcerated, and that he has completed dozens of course offerings and taught several others, as well as acting as a GED tutor and a math teacher and running the Alcoholics Anonymous group at FCI Lewisburg. (Def. Mem. at 4 & Exs. A, B.) Okunak also notes that the BOP did not assign him to an alcohol-treatment program because he attained sobriety more than one year before his arrest. (Def. Mem. at 5.)

The Court concludes that a sentence reduction of one month is appropriate. This modest reduction is consistent with the section 3553(a) factors that the Court emphasized at sentencing, including just punishment, general deterrence and respect for law. It reflects the Sentencing Commission's conclusion that zero-point offenders "recidivated far less often than other offenders . . . ." U.S. Sentencing Comm'n, 2023 Criminal History Amendment In Brief, at 2.[1] It also takes into account Okunak's post-sentencing conduct. § 1B1.10 Application Note 1(B)(iii).

It is hereby ORDERED that the defendant is eligible for a sentence reduction under Amendment 821 and the motion (ECF 41) is GRANTED to the extent that the term of imprisonment is reduced from 52 months to 51 months with all other terms and conditions of the original judgment remaining in place. The reduction is effective as of August 22, 2024.

---

[1] <u>Available at</u> https://www.ussc.gov/policymaking/amendments/2023-criminal-history-amendment

- 4 -

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
August 8, 2024